# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA E. BAKER,<br><br>                         Petitioner,<br><br>    vs.<br><br>J. TIM OCHOA, Warden, et al.,<br><br>                         Respondents. | Civil No.    10-1006 JAH (RBB)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT, EASTERN DIVISION** |

Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C.A. § 2254 (West Supp. 2007). Petitioner is challenging his 2008 parole suitability hearing before the Board of Parole Hearings (BPH). Petitioner has not filed a motion to proceed in forma pauperis and has not paid the $5.00 filing fee, but he has filed a motion to appoint counsel. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice. Thus, this Court does not rule on Petitioner's in forma pauperis status or his motion to appoint counsel.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at Chuckawalla Valley State Prison, located in Riverside County, which is within the jurisdictional boundaries of the

United States District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 84(c)(1). Petitioner's BPH hearing also occurred at Chuckawalla Valley State Prison in Riverside County.

When a habeas petitioner is challenging a BPH hearing, the district court of the district in which the hearing took place is a more convenient forum because of the accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district courts in California to transfer habeas actions questioning BPH hearings to the district in which the hearing took place. Any and all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are more readily available in Riverside County. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to the district of conviction which is ordinarily a more convenient forum). Therefore, in the furtherance of justice,

**IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED: May 12, 2010

_____
John A. Houston
United States District Judge